IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17-05523 BKT11 |
| | Chapter 11 |
| BERNARDO ALVAREZ RIOS, GISELA GOMEZ LUGO | |
| Debtor(s) | FILED & ENTERED ON 7/13/2020 |

## OPINION & ORDER

This proceeding is before the Court upon Debtors' *Memorandum of Law in Compliance with Court's Order* [Dkt. No. 184] and PR Recovery and Development JV, LLC's ("PR Recovery") *Reply to Debtors' Memorandum of Law in Compliance with Order* [Dkt. No. 198]. For the reasons set forth below, parties in interest are to state their position, within fourteen (14) days, as to whether it is in the best interest of creditors and the estate for the instant case to be dismissed or converted pursuant to § 1112(b)(4)(J).

### I.    Factual Background

On August 4, 2017, the Debtors filed a petition for Chapter 13 bankruptcy relief [Dkt No. 1].

On September 11, 2019, this Court entered an Order dismissing this case as PR Recovery's Unsecured Claim, by itself, exceeded the Chapter 13 limit established in Section 109(e) of the Bankruptcy Code for unsecured claims (the "Order Dismissing the Case") [Dkt. No. 137].

On September 20, 2019, the Debtors filed a motion requesting reconsideration of the Order Dismissing the Case and requesting conversion of this case from a Chapter 13 case into a Chapter 11 case (the "Motion for Reconsideration") [Dkt. No. 139].

1

On October 31, 2019, the Court entered an Order granting Debtors' Motion for Reconsideration and ordered the Debtors to move for conversion to another Chapter of the Bankruptcy Code within fourteen (14) days. (the "Order Granting Reconsideration of Dismissal") [Dkt. No. 143].

On November 12, 2019, the Debtors filed a Notice of Conversion to Chapter 11 [Dkt. No. 147], which the Court granted on December 6, 2019 [Dkt. No. 151].

On February 21, 2020, the Debtors filed a Status Report informing their election for their Chapter 11 case to be defined as a Chapter 11 Small Business Case pursuant to 11 U.S.C. § 101(51C) [Dkt. No. 179].

On February 26, 2020, the Court held a Status Conference where, facing dismissal for failure to file a small business plan within the 300 days from the order for relief, Debtors argued that the Chapter 13 plan filed June 26, 2019 [Dkt. No. 118] should be considered as a Plan filed under the Chapter 11 Small Business case. This Court ordered the Debtors to brief their position within sixty (60) days [Dkt. No. 183].

## II.    Applicable Law and Discussion

A small business debtor must file a plan and disclosure statement, if any, not later than 300 days after the order for relief. See, 11 U.S.C. § 1121(e)(2). The date of that "order for relief," as mentioned in § 1121(e)(2), is the date of the commencement of the original voluntary case. See, 11 U.S.C. § 301; See also, In re Sanchez, 429 B.R. 393, 397 (Bankr. D.P.R. 2010).

In In re Sanchez, *supra*, this Court concluded that Congress requires that small business debtors to file their plan and disclosure statement within the 300-day "drop dead" deadline. This Court explained that the inclusion of the term "shall" is considered mandatory and imperative,

2

hence inconsistent with the idea of discretion. This Court also found that there was no judicial discretion to interpret the statute any other way. Accordingly, a debtor's failure to comply with the 300-day "drop dead" term subsequently affords no relief under Chapter 11 and proceeded to dismiss the case under 11 U.S.C. § 1112(b)(1) and (b)(4)(J).

Under § 348(a), a conversion to another chapter leaves the date of the "order for relief" unchanged; accordingly, all provisions of the Bankruptcy Code that are tailored to that date are also unaffected by conversion. See, In re Rivera, 2013 Bankr. LEXIS 2723, *5, 2013 WL 3367100; See also, F & M Marquette Nat'l Bank v. Richards, 780 F.2d 24, 26 (8th Cir.1985); 3 Collier on Bankruptcy ¶ 348.02, at 348–6 (Lawrence P. King ed., 15th ed. rev.1999).

In this case, "the date of the order for relief" was August 4, 2017, upon Debtors' filing of their initial voluntary petition. The 300-day deadline set forth under § 1121(e)(2) expired on May 31, 2018. Although creative, this Court is not convinced by Debtors' arguments that their Chapter 13 plan filed June 26, 2019 should be considered as a Plan filed under the Chapter 11 Small Business case. Moreover, even if, arguendo, this Court was to consider Chapter 13 plan filed June 26, 2019 as a Plan filed under the Chapter 11 Small Business case, the Chapter 13 plan filed June 26, 2019 still falls outside the 300-day deadline set forth under § 1121(e)(2), which expired on May 31, 2018, and Debtors still failed to comply with § 1121(e)(2) as they failed to file a disclosure statement.

Therefore, cause exists to dismiss or convert the case pursuant to § 1112(b)(4)(J) for the failure of any party to file a plan within the 300–day period afforded by § 1121(e)(2) or to timely obtain an extension as afforded by § 1121(e)(3).

WHEREFORE, parties in interest are to state their position, within fourteen (14) days, as

to whether it is in the best interest of creditors and the estate for the instant case to be dismissed or converted pursuant to § 1112(b)(4)(J).

SO ORDERED.

In San Juan, Puerto Rico, this 13th day of July 2020.

Brian K. Tester
U.S. Bankruptcy Judge